FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 25 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TRUDY MAIN AND TASHLEY BETTS,**
**each individually and on behalf of**
**all others similarly situated**                                    **PLAINTIFFS**

V.                          CASE NO. 4:22-CV-1033-JM

**TA OPERATING LLC**                                              **DEFENDANT**

## CLASS AND COLLECTIVE ACTION COMPLAINT

COMES NOW Trudy Main and Tashley Betts, both individually and on behalf of all others similarly situated, by and through their attorney Chris Burks of WH LAW, for their Class and Collective Action Complaint against TA Operating LLC, they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a class action and a collective action brought by Plaintiffs Trudy Main, individually and on behalf of all other hourly-paid employees employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff and other hourly-paid employees lawful overtime compensation for hours worked in excess of forty (40) hours per week.

This case assigned to District Judge Moody
and to Magistrate Judge Ray

3. Plaintiffs also brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages,

prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant illegally discharging Plaintiffs Main and Betts in retaliation for protected actions under the FLSA.

4. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. Plaintiff Main's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint.

7. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

8. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

9. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

10. The witnesses to overtime wage violations alleged in this Complaint reside in this District.

11. On information and belief, the payroll records and other documents related to the payroll practices that Plaintiff challenges are located in this District.

## III. THE PARTIES

12. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

13. Plaintiffs are residents and citizens of Lonoke County.

14. Plaintiffs Trudy Main was employed by Defendant as an hourly-paid employee within the three years relevant to this lawsuit.

15. Plaintiff Tashley Betts was employed by Defendant as a salaried employee within the three years relevant to this lawsuit.

16. At all material times, Plaintiffs have been entitled to the rights, protection, and benefits provided under the FLSA and AMWA.

17. Defendant TA Operating LLC is a foreign limited liability company, registered and licensed to do business in the State of Arkansas.

18. Defendant TA Operating LLC's registered agent for service of process in Arkansas is Corporation Service Company, at 300 S Spring St., 300 Spring Building, Suite 900, Little Rock, AR 72201.

19. Defendant TA Operating LLC is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the class and collective.

20. Defendant TA Operating LLC runs Iron Skillet chain restaurants, fast-casual restaurant locations located within full-service truck stops and travel centers across the United States.

21. Defendant TA Operating LLC operates multiple restaurant facilities across the United States, including an Iron Skillet restaurant located in North Little Rock, Arkansas, and has one corporate United States headquarters that centralizes all pay, time, and human resource policies so that they are the same across its facilities.

22. During the time period relevant to this case, Plaintiffs were employed at Defendant TA Operating LLC's Iron Skillet restaurant in North Little Rock, Arkansas.

23. Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others, such as food products and equipment used to prepare and serve food.

24. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this complaint.

## IV. FACTUAL ALLEGATIONS

25. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

26. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff Main worked for Defendant as hourly-paid employees.

27. Plaintiff Main and other hourly-paid employees regularly worked in excess of forty (40) hours per week throughout their tenure with Defendant.

28. Plaintiff Main and other hourly-paid employees were classified as hourly employees and paid an hourly rate.

29. In addition, Defendant paid Plaintiff Main and other hourly-paid employees one-and-one-half (1.5) times their base hourly rate for some hours worked over forty (40) in a workweek.

30. Plaintiff Main was the assistant restaurant manager of Defendant's North Little Rock location.

31. As the assistant manager, Plaintiff Main received manager premium pay for some hours she worked.

32. In addition, Plaintiff Main received an overtime premium rate for hours worked over fifty (50) in a workweek.

33. Plaintiff Main was not paid an overtime premium rate for hours worked over forty (40) and under fifty (50) in a workweek because she was an assistant manager.

34. Defendant instructed Plaintiff Main that her position required her to work at least fifty (50) hours a week, and as a result, she would not be paid an overtime rate of one-and-one-half times her base pay for hours worked over forty (40) and under fifty (50) in a workweek.

35. As a result, Plaintiff Main and other hourly paid employees did not receive a lawful overtime rate as required under FLSA and AMWA for hours worked over forty (40) and under fifty (50) in a workweek.

36. When Plaintiff Main was paid a separate Manager Premium Pay for some hours she worked, Defendant failed to include the Manager Premium Pay in their regular rate when calculating their overtime pay.

37. Defendant violated the FLSA and AMWA by not including the Manager Premium Pay for Plaintiff Main and other hourly-paid employees in their regular rates when calculating their overtime pay.

38. Plaintiff Main worked for Defendant at Defendant's Iron Skillet restaurant in North Little Rock and Defendant's pay practices were the same for all hourly management employees across its facilities.

39. The pay practices that violate the FLSA and AMWA alleged herein was a centralized human resources policy implemented uniformly from Defendant's corporate headquarters.

40. Defendant knew or showed reckless disregard for whether the way they paid Plaintiffs and other hourly-paid employees violated the FLSA and AMWA.

41. As managers, Plaintiffs were responsible for monitoring the rates paid to other employees.

42. Plaintiffs received instructions from upper management regarding how employees should be paid when they worked at Defendant's North Little Rock location.

43. Plaintiffs were told that when employees were performing work outside their normal job duties, they should change their hourly rates to a comparable wage.

44. For example, when performing non-tipped job duties, Plaintiffs were told, and did, change servers' hourly salary from the tipped minimum wage rate of $2.63 to a higher rate.

45. For example, when a dishwasher was managing a shift, Plaintiff Betts was told to, and did, change his hourly wage to a higher rate because he was performing duties outside his normal scope.

46. Plaintiffs were instructed to do this to ensure Defendant was paying its employees in accordance with state and federal regulations, for example increasing servers' wages when servers were performing non-tip producing work, such as working in the kitchen.

47. For years, Plaintiffs regularly changed Defendant's employees' hourly rates as they were instructed to do so.

48. On August 16, 2022, Plaintiffs were terminated for changing employees' hourly rates.

49. When Plaintiffs were terminated, they explained to their manager that they were instructed to change pay rates when servers were performing non-tip producing work, when dishwashers were managing a shift at the restaurant (typically due to the restaurant being understaffed), or in other similar situations.

50. Plaintiffs wrote statements explaining why they were changing employees' hourly rates when they were performing non-tip producing work.

51. If Plaintiffs had failed to override pay rates, Defendant would not have been paying its employees in accordance with state and federal regulations, such as regulations that determine the pay rate employees should receive when they are performing non-tip producing work.

52. Defendant proceeded to terminate Plaintiffs for overriding pay rates "without DM approval and proper PAF processes."

53. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

54. In spite of Plaintiffs' statements explaining why they changed employees' pay rates when they instructed to do so by the company, Defendant terminated them in violation of Section 15(a)(3) of the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

55. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

56. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

57. Plaintiff Main brings their FLSA claims on behalf of all hourly-paid employees employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek; and

B. Liquidated damages; and

C. Attorneys' fees and costs.

58. The relevant time period dates back three years from the date on which Plaintiff's Class and Collective Action Complaint was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

59. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

  A.  They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

  B.  They were paid hourly rates;

  C.  They received manager premium pay in addition to their regular rate;

  D.  They were subject to Defendant's common policy of failing to pay a lawful overtime rate for hours worked under fifty (50) but over forty (40) in a work week; and

  E.  They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) hours per work week, as a result of Defendant's failure to pay a lawful overtime rate for hours worked under fifty (50) but over forty (40) in a work week and Defendant's failure to include employees' manager premium pay in their regular rate when calculating their overtime premium rate.

  60.  Plaintiff Main is unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds 200 persons.

  61.  Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses, and phone numbers of the FLSA collective action Plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action Plaintiffs via first class mail, email, and text message to their last known physical addresses, electronic mailing addresses, and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

### B.   AMWA Rule 23 Class

62. Plaintiff Main, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

63. Plaintiff Main proposes to represent the class of hourly-paid employees who are/were employed by Defendant within the relevant time period within the State of Arkansas.

64. Common questions of law and fact relate to all members of the proposed class, such as whether as a result Defendant's failure to include manager premium pay in its calculation of overtime pay, Defendant paid members of the proposed class a lawful overtime wage in accordance with the AMWA.

65. Common questions of law and fact predominate over any questions affecting only the individually-named Plaintiff Main, and a class action is superior to other available methods for fairly and efficiently adjudicating the claims of the members of the proposed AMWA class.

66. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class.  To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency, and well-being." Ark. Code Ann. § 11-4-202.

67. Plaintiff Main is unable to state the exact number of the potential members of the AMWA class but believe that the class exceeds 200 persons. Therefore, the class is so numerous that joinder of all members is impracticable.

68. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel knows of any litigation already begun by any members of the proposed class concerning the allegations in this Complaint.

69. Concentrating the litigation in this forum is highly desirable because Defendant's North Little Rock restaurant is based in the Eastern District of Arkansas and because Plaintiff Main and all proposed class members work or worked in Arkansas.

70. No difficulties are likely to be encountered in the management of this class action.

71. The claims of Plaintiff is typical of the claims of the proposed class in that Plaintiff Main worked as hourly-paid employees for Defendant and experienced the same violations of the AMWA that all other class members suffered.

72. Plaintiff Main and their counsel will fairly and adequately protect the interests of the class.

73. Plaintiff's counsel is competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one, and to the extent, if any, that they find that they are not, they are able and willing to associate additional counsel.

74. Prosecution of separate actions by individual members of the proposed class would create the risk of inconsistent or varying adjudications with respect to individual members of the proposed class that would establish incompatible standards of conduct for Defendant.

## VI. FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of FLSA)

75. Plaintiffs repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

76. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay time and a half of regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

77. During the period relevant to this lawsuit, Defendant classified Plaintiff Main as non-exempt from the overtime requirements of the FLSA.

78. Despite the entitlement of Plaintiff Main to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff Main an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) hours in each one-week period.

79. Defendant's failure to properly pay overtime wages to Plaintiff Main stems from Defendant's failure to include Plaintiff Main manager premium pay in Plaintiff's regular rates when calculating Plaintiff's overtime wage and Defendant's practice of failing to pay a lawful overtime premium rate for hours worked over forty (40) but under fifty (50) in a workweek.

80. Additionally, Defendant terminated Plaintiffs Main and Betts on August 16, 2022, as a result of Plaintiffs changing employees' salaries from a tipped minimum wage to a higher rate when tipped employees were performing non-tip producing work.

81. Plaintiffs Main and Betts informed Defendant at the time they were terminated that they were changing employees' hourly rates because they had been instructed to do so, and

because, if salaries were not changed, Defendant would not be paying its employees in accordance with state and federal guidelines governing tip-producing vs. non-tip producing pay rates.

82. Defendant terminated Plaintiffs Main and Betts regardless.

83. Plaintiffs' terminations were in violation of Section 15(a)(3) of the FLSA, which protects employees from discharge when they have "filed a complaint... under or related to [FLSA]."

84. Plaintiffs' statements to Defendant that they were changing employees' hourly rates in accordance with state and federal guidelines qualifies as a protected act as defined by Section 15(a)(3) of the FLSA.

85. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

86. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

87. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.  SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

88. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

89. Plaintiff Main brings this collective action on behalf of all hourly-paid employees employed by Defendant to recover monetary damages owed by Defendant to Plaintiff Main and

members of the putative collective for all the overtime compensation for all the hours she and they worked in excess of forty (40) each week.

90.     Plaintiff Main brings this action on behalf of themselves individually and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

91.     During the period relevant to this lawsuit, Defendant classified Plaintiff Main and all similarly situated members of the FLSA collective as non-exempt from the overtime requirements of the FLSA.

92.     Despite the entitlement of Plaintiff Main and those similarly situated to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiff Main and all those similarly situated an overtime rate of one and one-half times their regular rates of pay for all hours worked over forty (40) in each one-week period.

93.     In the past three years, Defendant has employed hundreds of hourly-paid employees.

94.     Like Plaintiff Main, these hourly-paid employees regularly worked more than forty (40) hours in a week.

95.     Defendant failed to pay these workers at the proper overtime rate.

96.     Because these employees are similarly situated to Plaintiff Main, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

> **Each hourly-paid employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

97.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

98.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Main and all those similarly situated for, and Plaintiff Main and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

99.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Main and all those similarly situated as provided by the FLSA, Plaintiff Main and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII.   THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

100.    Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

101.    Plaintiff Main asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

102.    At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

103.    Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

104.    Defendant failed to pay Plaintiff Main all overtime wages owed as required under the AMWA.

105. Defendant's failure to properly pay overtime wages to Plaintiff Main stems from Defendant's failure to include Plaintiff's manager premium pay in Plaintiff's regular rates when calculating Plaintiff's overtime wage and Defendant's practice of failing to pay a lawful overtime premium rate for hours worked over forty (40) but under fifty (50) in a workweek.

106. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

107. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff Main for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

108. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.   FOURTH CLAIM FOR RELIEF
### (Class Action Claim for Violation of the AMWA)

109. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

110. Plaintiff Main, individually and on behalf of all others similarly situated who were employed by Defendant within the State of Arkansas, asserts this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201 *et seq.*

111. At all relevant times, Defendant has been and continues to be the "employer" of Plaintiff Main and the members of the proposed class within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

112. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times their regular wages for all hours worked over forty (40) hours in a week unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

113. Defendant failed to pay Plaintiff Main and members of the proposed class all overtime wages owed as required under the AMWA.

114. Defendant's failure to properly pay overtime wages to Plaintiff Main and other similarly situated employees stems from Defendant's failure to include manager premium pay in employees' regular rate when calculating overtime wage and Defendant's practice of failing to pay a lawful overtime premium rate for hours worked over forty (40) but under fifty (50) in a workweek.

115. Plaintiff Main proposes to represent a class of individuals who are owed overtime wages and other damages for the same reasons as Plaintiffs, which may be defined as follows:

> **Each hourly-paid Arkansas employee who, within the three years preceding the filing of this Complaint, worked more than thirty-nine (39) hours in any week.**

116. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

117. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff Main and the proposed class for monetary damages, liquidated damages, costs, and a reasonable attorney's fee provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

118. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff Main and members of the proposed class as provided by the AMWA, Plaintiff Main

and members of the proposed class are entitled to an award of prejudgment interest at the applicable legal rate.

## X.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Trudy Main and Tashley Betts respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A)  That Defendant be required to account to Plaintiffs, the class, and collective members, and the Court for all of the hours worked by Plaintiffs and the class and collective members and all monies paid to them;

(B)  A declaratory judgment that Defendant's practices violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(C)  A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(D)  Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

(E)  Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(F)  Judgment for damages for all unpaid overtime compensation under the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* and the related regulations;

(G)  Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(H)     Judgment for liquidated damages pursuant to the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the class and collective during the applicable statutory period;

(I)     An order directing Defendant to pay Plaintiffs and members of the class and collective pre-judgment interest, reasonable attorney's fees, and all costs connected with this action; and

(J)     Such other and further relief as this Court may deem necessary, just and proper.

                Respectfully submitted,

                **Trudy Main and Tashley Betts, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

                WH Law | We Help
                1 Riverfront Pl. – Suite 745
                North Little Rock, AR 72114
                (501) 891-6000

By:    Chris Burks (ABN: 2010207)
        chris@wh.law